IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOCELYN JONES, | § | |
| | § | No. 82, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. K24M-01-008 |
| U.S. BANK NATIONAL | § | |
| ASSOCIATION, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 27, 2024
Decided: February 27, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Jocelyn Jones, appeals the Superior Court's February 16, 2024 order denying her "motion for emergency writ of petition." We find no merit to Jones's appeal. Accordingly, we affirm the Superior Court's judgment.

(2) On June 13, 2023, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank") obtained default judgments against Dwayne Eugene Jones Jr.[1] and Jocelyn Beth Jones ("Jones"), Personal

---

[1] Dwayne Jones is not a party to this appeal.

Representatives and Heirs to the Estate of Sarah Elizabeth Jones, in a mortgage foreclosure action involving property located at 1290 West State College Road, Dover, Delaware 19904 and 1320 West State College Road, Dover, Delaware 19904 ("the Property"). U.S. Bank bought the Property at a sheriff's sale held on October 5, 2023. The sale was confirmed without objection under Superior Court Civil Rule 69(d) on November 24, 2023. U.S. Bank sent a notice to vacate to Jones by first-class and certified mail on December 20, 2023.

(3) On January 5, 2024, U.S. Bank filed a petition for a writ of possession. The Superior Court issued a notice to Jones to show cause why the writ should not be granted and scheduled a hearing for 11:00 a.m. on February 2, 2025. On January 29, 2025, Jones moved to stay the proceedings. Jones failed to appear at the February 2 hearing, and the Superior Court granted the writ of possession. Jones then filed a "motion for emergency writ of petition," asserting, among other things, that she needed more time to obtain an attorney, the writ of possession was unlawful, she had been denied due process, and her civil rights had been violated. Because the Superior Court determined that Jones may have been confused about the effect her filing a motion to stay had on her obligation to appear at the February 2 hearing to contest the issuance of a writ of possession, the Superior Court held a hearing Jones's motion for emergency writ of petition on February 16, 2025. Finding that Jones's claimed

2

need for an extension to secure legal counsel would be futile even if granted, the Superior Court denied the motion. This appeal followed.

(4) On appeal, Jones argues that the Superior Court erred by granting the writ of possession to U.S. Bank because the foreclosure proceedings were "permeated with deceptive practices and fraud" and that the Superior Court abused its discretion when it denied her motion to stay the proceedings. Jones's claims are unavailing.

(5) *First*, Jones waived her arguments regarding errors that occurred in the underlying foreclosure action when she failed to object to the sheriff's sale, and we cannot consider them in this appeal from the Superior Court's order granting U.S. Bank's petition for a writ of possession.[2] *Second*, the Superior Court did not abuse its discretion when it denied Jones's motion for a stay or continuance. Jones claims that she was denied the ability to participate meaningfully in the proceedings, but the record reflects that she received actual notice of both the underlying foreclosure proceedings (as evidenced by her participation in mediation as well as her acknowledgment that she had been seeking the assistance of legal counsel for "a few years now"[3]) and the writ-of-possession proceedings (as evidenced by her filing of a motion to stay the proceedings).

---

[2] *Banning v. Wells Fargo Bank, NA*, 2023 WL 4144900, at *1 (Del. June 22, 2023).
[3] App. to Answering Br. at B0106.

(6)     The Court has reviewed the record carefully. There is no evidence that the proper procedures for the issuance of the writ of possession were not followed here.[4] Nor is there any evidence of legal error or abuse of discretion on the part of the Superior Court either in denying a stay or in issuing the writ of possession. We therefore affirm the Superior Court's judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[4] *See* 10 *Del. C.* § 5012.